# Mountz, Appellant, *v.* Pittsburgh, Bessemer & Lake Erie R. R. Co.

*Railroads—Eminent domain — Preliminary injunction — Franchise—Act of June 19, 1871, P. L. 1360.*

Where a railroad company having the right of eminent domain files a bond in condemnation proceedings to take land for a branch, the owner of the land is not entitled to a preliminary injunction to prevent the same, on the ground that the contemplated branch was

not for a public purpose, but merely in the interest of a private coal company. In such a case, the franchise being established, the Commonwealth is the only party to restrain a fraudulent use of it.

Submitted April 22, 1919.   Appeal, No. 29, Oct. T., 1919, by plaintiff, from decree of C. P. Butler Co., Dec. T., 1918, No. 5, refusing motion for preliminary injunction in case of Ella J. Mountz v. Pittsburgh, Bessemer & Lake Erie Railroad Company.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Bill in equity for an injunction.   Before KING, P. J., specially presiding.

KING, P. J., filed the following opinion:

The defendant company is a railroad company, duly authorized under the laws of the State of Pennsylvania, and as such it owns and operates a line of railroad in Butler County, said State.   As a regularly incorporated body it possesses the right of eminent domain, and in pursuance of its powers as aforesaid it decided to construct a branch railroad in said county, passing in part through the lands owned by the complainant.

Accordingly, its board of directors, on the 13th day of July, 1918, at a meeting thereof, passed and adopted a resolution to construct such branch railroad, etc., for the purpose, as stated therein, of increasing its business and accommodating the trade and travel of the public.

Being unable to agree with the complainant upon a fair and reasonable compensation, it presented its petition to the Court of Common Pleas of the said County of Butler to No. 48, December Term, 1918, for leave to file its bond, etc., in accordance with the law provided in such case. Objections were made thereto by complainant by exceptions filed, and upon hearing thereof the said court, by the Honorable AARON E. REIBER, P. J., made the following order: "And now, Nov. 7, 1918, the approval of the bond is withheld, and it is ordered and directed that a bond in the sum of fifteen thousand dollars ($15,000)

under the same terms and conditions and same surety and filed within ten days from this date, is approved." With this order of the court the company is ready and willing to comply.

The plaintiff filed a bill in equity in the said court to No. 5 of December Term, 1918, by which she seeks to have it adjudged that the defendant company has no legal right to appropriate her land or a part thereof for its proposed branch railroad, and prays that it be enjoined from so doing.

Following the filing of the said bill, a motion in due form was made to the court for a preliminary injunction, and a hearing on said motion was held on Saturday, Nov. 9, 1918, pursuant to a previous order fixing said date therefor. At this hearing counsel on both sides were heard in support of the contentions of their respective clients.

Complainant contends that by virtue of the Act of June 19, 1871, P. L. 1360, she, as a private individual, about to be injured by said appropriation of her land, has the right to equitable relief and the injunction above referred to.

It has been repeatedly held by our appellate courts that under this act, the courts have the right of inquiry at the instance of a private party, but that the inquiry is confined or limited to the nature and extent of the franchise, prima facie, conferred by the charter itself.

In the case of Windsor Glass Co. v. Carnegie Co., reported in 204 Pa., p. 459, it was said: "This is the plain limit of the language of the act, and if such right or franchise has not been conferred, etc., and such has been its uniform construction."

"If it appears such power exists, the authority of the court to interfere is at an end. The question of the regularity in the proceedings under the charter can be raised only by the Commonwealth": Williams v. Del., L. & W. R. R. Co., 255 Pa. 133; Pittsburgh, A. & McKees Rocks Ry. Co. v. Stowe Township, 252 Pa. 149; Blauch v.

Opinion of Court below—Opinion of the Court. [265 Pa.

Johnstown Water Co., 247 Pa. 71; Alexander v. Wilkes-Barre, etc., Coal Co., 254 Pa. 1; Croyle v. Johnstown W. Co., 259 Pa. 484; Rudolph v. Pa. S. V. R. R., 166 Pa. 430.

In connection with the arguments of counsel, we have examined with the best care possible, in the limited time at our disposal for consideration, the bill and the material averments therein and have endeavored to test them by the law as held in the authorities cited, and have reached the conclusion that the motion for a preliminary injunction should be denied.

If this corporation is abusing its franchises, if it be acting in bad faith, with a purpose to evade its duties as a public service corporation, as a common carrier, the Commonwealth should be the proper party to complain.

As hereinbefore shown, the authorities are decisive that when the power to do the thing complained of is possessed by the corporation under its charter, the inquiry ends, the authority of the court goes no further.

And, now, November 12, 1918, after hearing and argument of counsel, and after due consideration, it is ordered, adjudged and decreed that the preliminary injunction be, and the same is now, together with the motion therefor, refused.

*Error assigned* was the order of the court.

*A. M. Liveright, A. H. Woodward* and *J. M. Galbreath,* for appellant.

*Templeton, Whiteman & Rowley* and *Wilson & McQuistion,* for appellee.

PER CURIAM, May 12, 1919:

This appeal is dismissed, at appellant's costs, on the opinion of the learned judge below, specially presiding, refusing the preliminary injunction.