# Norris, Appellant, *v.* Pittsburgh, Bessemer & Lake Erie R. R.

*Railroads—Eminent domain—Widening track—Taking of dwelling house—Equity—Acts of March 17, 1869, P. L. 12, and June 19, 1871, P. L. 1360—Inquiry by Commonwealth—Courts—Jurisdiction.*

1. Where a railroad company has condemned a strip of land under the Act of March 17, 1869, P. L. 12, for the purpose of widening its tracks, the owner cannot, under the Act of June 19, 1871, P. L. 1360, maintain a bill in equity to restrain such taking, on the ground that it will render her dwelling uninhabitable, destroy a spring, and cut off access to a public road, or on the ground that the land taken was not necessary or not intended for corporate use.

2. The Act of 1869 extended the power of railroad companies to condemn dwelling houses for widening purposes.

3. The fact that a railroad company is condemning land for other than corporate purposes, can only be inquired into by the Commonwealth; the Act of June 19, 1871, P. L. 1360, confers no such power on the courts in a suit by an individual.

Argued October 10, 1923. Appeal, No. 72, Oct. T., 1923, by plaintiff, from decree of C. P. Allegheny Co., Oct. T., 1921, No. 2147, dismissing bill in equity, in case of Mary Jane Norris v. Pittsburgh, Bessemer & Lake Erie Railroad Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction. Before KLINE, J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*T. C. Noble,* with him *W. H. Dodds,* for appellant, cited: Upper Ten Mile Plank Road Co. v. Braden, 172 Pa. 460; Dilts v. R. R., 222 Pa. 516; Windsor Glass Co. v. Carnegie Co., 204 Pa. 459; Gring v. Water Co., 270 Pa. 232; Dryden v. Ry., 208 Pa. 316; Snyder v. R. R., 210 Pa. 500; Williams v. R. R., 225 Pa. 133; Sutton v. R. R., 211 Pa. 554.

*W. L. G. Gibson,* with him *Reed, Smith, Shaw & McClay,* for appellee, cited: Quade v. Ry., 233 Pa. 20; Dilts v. R. R., 222 Pa. 516; Hoffman's App., 118 Pa. 512; Gring v. Water Co., 270 Pa. 232; Pittsburgh, Ft. W., etc., Ry. v. Peet, 152 Pa. 488; Snyder v. R. R., 210 Pa. 500; Dryden v. Ry., 208 Pa. 316.

PER CURIAM, January 7, 1924:
Defendant appropriated, for widening and improving purposes, 2.15 acres of plaintiff's farm under authority conferred by the Act of March 17, 1869, P. L. 12, as ap-

pears by plaintiff's bill, and has given bond to secure payment of all damages she may sustain by reason of the proceeding. Appellant seeks to restrain the taking of the land and avers an appropriation will render her dwelling house uninhabitable, destroy a valuable spring and cut off access to the public road. Defendant demurs to the bill. Admitting these allegations to be true, they fail to establish cause for equitable relief. For each element of damage set out plaintiff has ample remedy at law and, if her contention is established, compensation will be allowed her to the full extent of the injury sustained. The Constitution, as well as the act of assembly, secures this to her.

Defendant was incorporated under the general railroad Act of 1849 and under the provisions of that statute has conferred upon it full power to take and condemn land necessary for its purposes, subject to certain restrictions. Under the Act of 1869, for the purpose of widening and improving their properties, the powers of railroad companies are greatly extended in the matter of acquiring land: Dryden v. Railway Co., 208 Pa. 316, 321, 322. They may now, under the latter act, if increased business renders such action necessary, condemn a dwelling house and other property excepted by the Act of 1849: Snyder v. B. & O. R. R. Co., 210 Pa. 500.

The bill further alleges the land taken is unnecessary for railroad purposes and is being acquired to provide a place for depositing refuse and also that defendant's railroad was constructed and is now used "primarily for the purpose of serving largely in carrying ore to manufacturing plants" of a private corporation. Assuming these averments to be true neither can be considered in this proceeding.

If as asserted defendant company has exceeded its corporate rights and franchises by condemning land alleged to be unnecessary or not intended for corporate purposes, such matters can be inquired into only by the Commonwealth. The Act of June 19, 1871, P. L. 1360,

confers no such power on the courts: Windsor Glass Co. v. Carnegie Steel Co., 204 Pa. 459; Williams v. R. R. Co., 255 Pa. 133.

Decree affirmed at costs of appellant.