From George Ross Eshleman, Lancaster, Pa.

## Kolodychak v. Donora School District.

*Paul N. Barna*, for plaintiffs; *George O. Frazier*, for defendant.

CUMMINS, J., April 28, 1930.—In plaintiffs' bill it is substantially alleged that defendant school district seeks by a condemnation proceeding to appropriate for street or alley purposes certain real estate belonging to plaintiffs, and plaintiffs pray for an injunction to restrain defendant school district from appropriating this land for that purpose. The case is before the court *in banc* upon defendant's preliminary objections to the bill under Equity Rule 48, whereby the question is raised as to whether plaintiff's bill sets forth a cause of action entitling plaintiffs to equitable relief.

Preliminary objections of this character, under Equity Rules 48 and 49, were intended, and must be construed in like manner, as similar objections to

584

a plaintiff's statement under the provisions of the Practice Act of May 14, 1915, P. L. 483, in which case, in passing upon defendant's right to a summary judgment on the pleadings, "the question to be decided . . . is not whether the statement [or bill] is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows as a 'question of law' that plaintiff is not entitled to recover:" Gray v. Phila. & Reading Coal & Iron Co. et al., 286 Pa. 11, 14, 15.

We know of no legislative enactment vesting in school districts the authority to condemn or appropriate land for street or alley purposes, and none has been called to our attention. It would, therefore, appear that if a school district desired to have laid out a private or public road, as such, for the benefit of school property, it would be necessary for it to proceed in the usual manner.

An attempted appropriation without authority would not be an appropriation, and an entry thereunder would be but a trespass; and so, likewise, an appropriation without a *bona fide* intent that the land taken should be for an authorized use, followed by an effort within a reasonable time to carry out the declared purpose, would not constitute an appropriation: Palmer Water Co. v. Lehighton Water Supply Co., 280 Pa. 492, 500.

The proper remedy to challenge or test a condemnor's authority or power to condemn is by injunction: Alexander v. Coal Co., 254 Pa. 1; Mountz v. Railroad Co., 265 Pa. 67; Irvin et al. v. Curwensville Borough, 129 Pa. 74; 2 Lewis on Eminent Domain (2nd ed.), 1351; 4 McQuillen on Municipal Corporations (2nd ed.), 466.

The basic act of a condemnation by a municipality consists in the corporate act of adopting the resolution or passing the ordinance purporting to effect the appropriation, the other acts in connection therewith being generally but incidental thereto and of a ministerial nature: Chelten Trust Co. v. Blankenburg, 241 Pa. 394, 396, 397; Palmer Water Co. v. Lehighton Water Supply Co., *supra*, 501.

Counsel for defendant school district contends that the resolution adopted by the school board appropriating the land in question expressly declared said appropriation to be for playground purposes. The presumption is that the school board acted in good faith as to the declared purpose of the appropriation, whatever it may have been: Pioneer Coal Co. v. Cherrytree & Dixonville R. R. Co., 272 Pa. 43, 51. The laying out of walks and driveways through or over a school playground or campus would not constitute such walks or driveways, private streets or alleys within the general accepted legal meaning of these terms; they would still be but integral parts of the playground or campus and independent private driveways. In fact, even where land is condemned for a lawful purpose, the fact that a part of it is used for a purpose incidental to the lawful purpose will not destroy the right acquired or prevent the use for such incidental purpose: Laird v. Pittsburgh, 205 Pa. 1. These, however, are all matters of evidence; they are not disclosed by the pleadings. For the present purpose we are limited to a consideration alone of the averments contained in the bill. Therein it is, in substance, alleged that this appropriation was in fact made for street and alley purposes; and, standing alone, this is sufficient to prevent summary judgment on the pleadings. This is all we now decide.

And now, April 28, 1930, preliminary objections to plaintiff's bill dismissed and defendant is given ten days within which to answer, under penalty, upon failure so to do, of having the bill taken *pro confesso*.

From Harry D. Hamilton, Washington, Pa.