## King et al., Appellants, *v.* Union Railroad Company et al.

Argued September 27, 1944. Before MAXEY, C. J., DREW, LINN, PATTERSON and STEARNE, JJ.

*James K. Ruby*, with him *Gifford K. Wright* and *Alter, Wright & Barron*, for appellant.

*Ira R. Hill*, with him *Reed, Smith, Shaw & McClay*, for appellees.

OPINION BY MR. JUSTICE LINN, November 27, 1944:

Plaintiffs appeal from the dismissal of their bill to restrain Union Railroad Company, organized pursuant to the general railroad law, from exercising the power of eminent domain conferred by that law and the widening Act of March 17, 1869, P. L. 12, as amended, 67 PS section 321. The purpose of the condemnation was to obtain sufficient land for an additional track adjoining its present two track road. Defendant filed preliminary objections setting forth that no cause of action was pleaded. The bill complains that the condemnation is not in the public interest but for the benefit of Carnegie-Illinois Steel Corporation (also a defendant) owner of the capital stock of the railroad company. The power of eminent domain, the adoption of an appropriate resolution and notice of it are conceded by plaintiffs.

A bill, framed on similar lines but more comprehensive in allegation, filed against the same defendant railroad, came up in *Windsor Glass Co. v. Carnegie Com-*

*pany,* 204 Pa. 459, 54 A. 329. It was dismissed. The opinion written by Mr. Justice MITCHELL is a complete answer to the present appellants' contentions; as the subject was considered in subsequent cases with the same result, it is unnecessary again to repeat what was said: see *Scranton Gas & Water Co. v. D. L. & W. R. R.,* 225 Pa. 152, 158, 73 A. 1097; *Williams v. D. L. & W. R. R.,* 255 Pa. 133, 99 A. 477; *Mountz v. Pittsburgh, Bessemer & Lake Erie R. R.,* 265 Pa. 67, 108 A. 170; *Norris v. Pittsburgh, Bessemer & Lake Erie R. R.,* 278 Pa. 549, 123 A. 483.

As the law on this subject is so well settled, we call attention to a point of practice disclosed by the supplemental record printed by the appellee. It appears that the railroad company filed its petition in the court below asking for the approval of a condemnation bond which had been tendered and refused. When that application had been partly heard, the court was advised of the pending equity proceeding and then ". . . postponed final action on the approval of the bond of the Railroad until the proposed equity proceeding was determined."

Since the cases cited above show that the defendant railroad company had the power to condemn the land in question, it was an abuse of discretion to postpone the completion of the condemnation proceeding until after the bill was disposed of because it was in the condemnation proceeding that title would be perfected which the postponement merely delayed. The cases show that even where ejectment against a railroad company for land occupied as right of way determines that the railroad company is a trespasser or has not completed the acquisition of title, only a conditional judgment will be entered, to become absolute if, after a given time, the railroad company does not complete its condemnation: *Pittsburgh & S. R. R. Co. v. Jones,* 59 Pa. 433; *Allegheny Valley R. R. v. Colwell,* 2 Monaghan 300, 15 A. 927; compare *Wheeling, P. & B. R. Co. v. Warrell,* 122 Pa. 613, 16 A. 20.

Decree affirmed at appellants' costs.