Ewing, Appellant, *v.* Marsh.

590

Argued November 11, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Edward O. Spotts, Jr.,* for appellant.

*Sanford M. Chilcote,* with him *William C. Walker, Esler W. Hays* and *Dickie, McCamey, Chilcote, Reif & Robinson,* for appellees.

OPINION BY GUNTHER, J., December 29, 1953:

The decedent, Grace Siciliano, was fatally injured in a collision, and her administrator filed suit for damages on behalf of her estate and her children. The jury rendered a verdict in the total sum of $3,000 and the plaintiff has appealed, contending that the verdict was inadequate.

At about 2:00 A.M., on a Monday morning, the decedent left a social club after an evening of entertainment. She rode homeward in the car of the defendant, Rice. There were four persons in the front seat of the car, the decedent sitting on the lap of another man. The automobile crashed into the rear of a truck parked on a highway, and the decedent was rendered unconscious and died seventeen days later. The truck, owned by the defendant Marsh, had run out of gas and was stopped on the road without any rear lights. The defendant Rice said he did not see the truck until almost on top of it and could not avoid the collision. Some friends of his had preceded him by a few minutes and had successfully avoided the truck. The testimony as to the weather conditions was conflicting. The plaintiff's witnesses claimed that visibility was poor; the defendant Marsh introduced contrary evidence. The jury returned a verdict against both defendants in the sum of $3,000. It was corrected, after instructions from the trial judge, to award $1,583.25 to the administrator for the estate and $1,416.75 to the administrator for beneficiaries or children of the decedent.

The plaintiff complains that the verdict is clearly and grossly inadequate. The decedent was twenty-nine years old and left surviving a son, six years old and a small daughter, who died five weeks after her mother. The decedent was divorced, lived with her parents, and occasionally worked on the outside. She had earned $943.71 the preceding year, and $380.80 for the eleven-month period prior to her death. Her divorced husband was paying $25 per month for the children's support under an order of court. The sum awarded to her estate, $1,583.25, represented the exact amount of the actual medical and burial expenses.

In order that an appellate court may declare a trial court guilty of an abuse of discretion in refusing a new

trial for inadequacy of damages, the evidence must compel the conviction that the jury was influenced by partiality, prejudice or passion, or by some misconception of the law or the evidence. *Paustenbaugh v. Ward Baking Co.,* 374 Pa. 418, 97 A. 2d 816; *Takac v. Bamford,* 370 Pa. 389, 88 A. 2d 86; *Zamojc v. Fisher,* 127 Pa. Superior Ct. 171, 193 A. 315. "If the verdict bears a reasonable resemblance to damages which were proven, it is not the function of this Court to substitute its judgment for that of the jury." *Perzak v. Coulter,* 171 Pa. Superior Ct. 475, 478, 90 A. 2d 256. There is nothing in this record to indicate partiality, prejudice or passion on the part of the jury. Furthermore, the verdict awarded the actual financial expenses incurred, plus some $1,400 for the remaining child. This was low, but certainly not a nominal verdict such as would give rise to an inference of mistake or partiality by the jury.

It is clear that the jury must have taken into consideration the low earnings of the decedent. It is also possible that the size of the verdict was influenced by the evidence of the decedent's contributory negligence. Although this issue was decided in plaintiff's favor by the verdict against defendants, it may properly be considered by the appellate court. If the evidence was such that a verdict could have been rendered for the defendants, that may have been a factor in the jury's determination of the verdict. *Carpenelli v. Scranton Bus Co.,* 350 Pa. 184, 38 A. 2d 44; *Patterson v. Palley Manufacturing Co.,* 360 Pa. 259, 61 A. 2d 861.

This verdict was low but not nominal, being clearly based on certain proven damages. The evidence does not compel a conviction of mistake or partiality by the jury. Therefore the court below did not abuse its discretion in refusing a new trial.

Judgments affirmed.