Crouse *v.* Smith, Appellant.

Argued March 14, 1955. Before Stern, C. J., Stearne, Jones, Bell, Chidsey, Musmanno and Arnold, JJ.

*Frank B. Quinn,* with him *Bernard F. Quinn* and *Quinn, Leemhuis, Plate & Dwyer,* for appellant.

*John M. Wolford,* with him *John A. Blackmore,* for appellees.

Opinion by Mr. Justice Allen M. Stearne, April 18, 1955:

The appeal is from an order of the Court of Common Pleas of Erie County granting plaintiff's motion for a new trial because of the inadequacy of the verdict.

Plaintiff, a minor of three years of age, was a guest passenger in his father's motor vehicle. In a collision between the father's autotruck and defendant's automobile, plaintiff was severely injured. Among many injuries he lost the sight of his left eye. The amount of the parent's verdict was $2,127.62 and for the minor-plaintiff $4,500. In granting the minor-plaintiff's motion for new trial, the trial Judge characterized the verdict as "miserly" and "patently insufficient". He said: "The applicable measure of damages . . . would permit the recovery for the loss of his eye, the pain and suffering incidental thereto, his permanent disfigurement by reason thereof and also his diminished earning power after he attains his majority by reason of the necessity of his engaging in such work as will not produce impairment of the good eye in the future and engaging in such occupations as will not present a hazard to that good eye. There would also be recovery for his facial injuries, the pain and suffering incidental thereto and the permanent disfigurement caused thereby. . . ."

A discussion of the facts of the accident is unnecessary. The verdict of the jury fixed sole liability upon the defendant and exonerated the minor's father from liability. The minor-plaintiff, being a guest passenger, eliminates any question of contributory negligence on the part of such minor-plaintiff.

An order awarding a new trial will not be reversed on appeal unless a palpable abuse of discretion on the part of the court below is clearly shown: *Bellettiere v.*

*Philadelphia,* 367 Pa. 638, 643, 81 A. 2d 857; *Beal v. Reading Company,* 370 Pa. 45, 87 A. 2d 214; *Wexler v. Bonwit, Teller & Company of Philadelphia,* 372 Pa. 250, 93 A. 2d 454; *Milan v. Bethlehem,* 372 Pa. 598, 94 A. 2d 774; *Gawron v. Levine,* 373 Pa. 384, 96 A. 2d 149; *Devlin v. Piechoski,* 374 Pa. 639, 99 A. 2d 346; *Edelson v. Ochroch,* 380 Pa. 426, 111 A. 2d 455. Our examination of the testimony convinces us that the grant of a new trial in this case did not constitute a palpable abuse of discretion by the court below.

The order of the court below is affirmed.