Jacobs, Appellant, v. Caldwell.

Submitted April 19, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Elias Jacobs,* appellant, in propria persona.

· *Robert E. Jamison* and *Jamison & Jones,* for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

This is an appeal by the plaintiff in a trespass action from the refusal of the court below to grant a new trial. Plaintiff secured a verdict of $2500 against the defendant Leo Caldwell, but the jury found in favor of the defendant bus company. Plaintiff complains of the inadequacy of the verdict and of the failure to find the bus company liable for negligence.

Plaintiff was a passenger in a bus of one defendant which was struck by the truck of defendant Leo Caldwell. The bus had halted on the highway to discharge passengers. Defendant Caldwell approached

from the rear and attempted to pass the bus. Due to foggy weather he was unable to see an oncoming car until too late and, in order to avoid a collision, he turned back to his right and collided with the bus. Plaintiff claimed he was sleeping and was thrown against a seat and was also splashed with lime from Caldwell's truck.

The record does not bear out plaintiff's contention that the verdict was inadequate. Where the verdict bears a reasonable resemblance to the damages which were proven, it is not the function of the appellate court to substitute its judgment for that of the jury, and a new trial will be ordered only when the evidence compels the conviction that the jury was influenced by partiality, prejudice, passion or misconception. *Ewing v. Marsh,* 174 Pa. Superior Ct. 589, 101 A. 2d 391. The testimony in this case reveals that plaintiff had an abrasion and contusion of the leg and foot, swelling of the elbow, a hernia, and a limp leg due to bad circulation. He had previously been operated on for hernia and this was a recurrence. The medical testimony as to the limp leg was vague as to causation and the jury could have easily concluded that it was a pre-existing condition. In view of the indefiniteness of some of the medical testimony and the distinct possibility that plaintiff suffered no permanent or serious injuries due solely to this accident, we believe that the verdict was reasonable. There is certainly nothing in this record to indicate that the jury was influenced by partiality, prejudice, passion or any misconception of the law or evidence.

Plaintiff also complains of the failure to grant a new trial on the issue of the negligence of defendant bus company, on the grounds that the bus driver illegally stopped the bus on the paved highway. This issue was fairly presented to the jury by the trial judge

and they were carefully instructed on the law of proximate cause. The jury's finding in favor of the defendant bus company is supported by competent evidence and there was no error in the charge by the trial judge. The awarding of a new trial is confided to the discretion of the court below and its exercise will be reversed only upon a demonstration of abused discretion. *Sigel v. American Guar. and Liab. Ins. Co.*, 173 Pa. Superior Ct. 434, 98 A. 2d 376. There was no abuse of discretion here, as the issue was fairly tried and properly submitted to the jury.

Judgment affirmed.