## Pongratz *v.* Boyer, Appellant.

Argued November 14, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

262

*William F. Illig,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellant.

*Gerald A. McNelis,* for appellee.

OPINION BY WRIGHT, J., January 17, 1956:

At about seven o'clock p.m. on October 24, 1951, Mrs. Grace Pongratz was walking north on the west side of Poplar Street in the City of Erie. The evening was dark and there was a light drizzle. At the intersection of Poplar Street and Brown Avenue, Mrs. Pongratz started to cross Brown Avenue. She had proceeded about one-third of the way when she was struck by an automobile operated by Kenneth R. Boyer in an easterly direction on Brown Avenue. As a result, Mrs. Pongratz's skull was fractured and she died on the following day without regaining consciousness. Suit was instituted by Elmer G. Pongratz, as administrator, alleging two causes of action: first, under the Wrongful Death Act and Pennsylvania R.C.P. No. 2202 for the benefit and on behalf of James Pongratz, Elmer Pongratz and Margaret Pongratz Darr [1], children of the

---

[1] The trial judge instructed the jury "that there can be no recovery in so far as the interest of the daughter is concerned".

decedent; and, second, under the Survivor Act on behalf of the estate of the decedent.

At the trial it was stipulated that the medical, hospital and funeral expenses amounted to $851.10. The evidence showed that Mrs. Pongratz was sixty-one years old and in good health. Following the death of her husband in 1949, she kept house for the two sons, James aged thirty-one years and Elmer aged twenty-eight years. The sons each earned approximately $2900.00 a year, and gave their mother $10.00 and $15.00 per week respectively. Mrs. Pongratz also worked as a domestic one day a week receiving an average of $30.00 a month. It was testified to without objection that, from the time of her husband's death, Mrs. Pongratz had received a Veteran's Administration widow's pension in the amount of $42.00 a month. There was also testimony tending to show that her services as housekeeper in the home were worth $35.00 a week. The mother's entire income was spent in maintaining the house, buying food and purchasing clothing for herself and her sons. Consequently, at the time of her death, she had accumulated nothing and left no estate whatever. The jury returned verdicts of $1.00 under the Survivor Act and $851.10 under the Death Act. The administrator filed a timely motion for a new trial. On February 14, 1955, the lower court en banc ordered "that the verdict must be set aside because of inadequacy and a new trial granted". This appeal followed.

Appellant first contends that the lower court abused its discretion in granting the motion for a new trial. An order awarding a new trial on the ground of inadequacy will not be reversed on appeal unless it is clearly shown that the lower court was guilty of a palpable abuse of discretion: *Crouse v. Smith*, 381 Pa. 431, 113 A. 2d 223. The granting of a new trial for inadequacy of the verdict is a matter for the sound discre-

tion of the court below and will not be reversed except for a clear abuse of such discretion: *Henry v. Bulah,* 177 Pa. Superior Ct. 399, 110 A. 2d 778. In that case we said: "It is not our duty to substitute our judgment of inadequacy for that of the trial judge, but rather to determine whether there exists sufficient ground for reasonable men to conclude that the verdicts were clearly inadequate". In the most recent pronouncement of our Supreme Court, the lower court was reversed for refusing to grant a new trial on the ground of inadequacy. See *Kadair v. Pittsburgh Railways Co.,* 383 Pa. 50, 117 A. 2d 712.

It is appellant's position "that the lower court unwarrantedly invaded the jury's province and substituted its judgment for that of the jury". He emphasizes a statement in the opinion below that "no great amount over expenses could be allowed under the facts". Appellant concedes, however, that Mrs. Pongratz used her entire income to supplement what her sons gave her in providing the family with food, clothing, and all the expenses of home maintenance. While we might agree that the sons "expected too much from their mother and selfishly gave too little", the fact remains that the measure of their damage is the value of the mother's life to them: *Minkin v. Minkin,* 336 Pa. 49, 7 A. 2d 461. Twenty-one years of age is not a dividing beyond which children cannot recover for loss of services. The family relation is the basis of recovery for their pecuniary loss: *Gaydos v. Domabyl,* 301 Pa. 523, 15 A. 549. We do not perceive any abuse of discretion in the grant of a new trial for inadequacy on this record in view of the fact that the verdict was limited solely to the expenses. See *Todd v. Bercini,* 371 Pa. 605, 92 A. 2d 538.

Appellant also argues that the size of the verdict was influenced by evidence of the decedent's contribu-

tory negligence, citing *Ewing v. Marsh,* 174 Pa. Superior Ct. 589, 101 A. 2d 391. We there held that the issue of contributory negligence could be considered on appeal as a factor in the jury's determination of the amount of the verdict. In that case the verdict was low but not, as here, nominal. The lower court had refused but not, as here, granted a new trial. Furthermore, in its opinion in the present case the lower court said: "The evidence showed clearly that the responsibility for the accident was entirely that of the defendant". A review of the testimony fully supports this conclusion.

Appellant contends finally that the action of the lower court "was controlled by two errors of law, namely, (1) the Court's conclusion that plaintiff's decedent's receipt of a veteran-widow's pension is competent evidence of her earning power; and (2) the Court's refusal to consider that from gross earnings of plaintiff's decedent must be deducted the probable cost of her maintenance". So far as the first portion of this contention is concerned, as previously noted, the testimony in question was received without objection. The issue of its competency on a retrial is not presently before us. So far as the second portion of appellant's final contention is concerned, the trial judge did instruct the jury to consider the probable cost of decedent's maintenance. That the matter is not mentioned in the opinion of the court en banc is not controlling.

The order of the lower court is affirmed.

GUNTHER and WOODSIDE, JJ., dissent.

HIRT, J., did not participate in the consideration or decision of this case.