258 F.2d 797
 James MARTIN, Administrator of the Estate of Peter A. Martin, Deceased, on Behalf of the Next of Kin of Peter A. Martin, Deceased, and James Martin, Administrator of the Estate of Peter A. Martin, Deceased, Appellant, On Behalf of the Estate of Peter A. Martin, Deceased, Appellant,
v.
Inez Geraldine SWIFT.
 No. 12528.
 United States Court of Appeals Third Circuit.
 Argued April 25, 1958.
 Decided August 7, 1958.
 
 H. Fred Mercer, Pittsburgh, Pa. (Mercer & Buckley, F. Chalmers Houston, Jr., Pittsburgh, Pa., on the brief), for appellant.
 Thomas F. Weis, Pittsburgh, Pa. (Weis & Weis, Pittsburgh, Pa., on the brief), for appellee.
 Before MARIS, KALODNER and HASTIE, Circuit Judges.
 KALODNER, Circuit Judge.
 
 
 1
 This suit for damages resulting from the death of Peter A. Martin was instituted by James Martin, Administrator of the Estate of Peter A. Martin ("plaintiff"), under the Pennsylvania Wrongful Death Act[1] and the Pennsylvania Survival Act.[2] Jurisdiction is based on diversity of citizenship.
 
 
 2
 The jury was directed to return a special verdict and in response to specific interrogatories, made these findings: the accident was caused by the negligence of defendant; plaintiff's decedent was not guilty of contributory negligence; the total amount of damages sustained by decedent's next of kin in the claim under the Wrongful Death Act was $3,000; the Estate of Peter A. Martin sustained no damages in the claim under the Survival Act. Judgment was entered in favor of plaintiff in the Wrongful Death action in the sum of $3,000 and in favor of defendant in the Survival action. Plaintiff was paid $3,000 by the defendant in accordance with the verdict and judgment in the Wrongful Death action. His motion for a new trial, limited to the question of damages or, in the alternative, for a new trial generally, in the Survival action was denied,[3] resulting in this appeal. Plaintiff contends that the judgment in favor of defendant in the Survival action is inconsistent with the jury's answer to interrogatories as to negligence and contributory negligence and the substantial verdict for plaintiff in the Wrongful Death action. He asks, as he did in the District Court, that the judgment in favor of defendant in the Survival action be set aside and a new trial granted on the question of damages only or, in the alternative, that a new trial generally be granted in the Survival action.
 
 
 3
 The testimony may be summarized as follows:
 
 
 4
 On November 27, 1957, Peter A. Martin, aged 14, was fatally injured when the bicycle he was riding was struck by an automobile operated by Inez Swift ("defendant"). The accident occurred on Route 58 approximately four and one-half miles east of Mercer, Pennsylvania, at or near a dirt road which forms the stem of a "T" intersection with that highway. Traffic entering Route 58 at this point is regulated by a "Stop" sign.
 
 
 5
 Defendant testified she was proceeding west on Route 58 at approximately 35-40 miles an hour; an automobile travelling in the same direction about a car's length in front of her made a right turn onto the dirt road; when "just to the intersection" she saw the boy on his bicycle pedalling on the dirt road toward the highway; she started to brake the car and turn to the left but was unable to avoid striking him as he entered the highway.
 
 
 6
 Gerald Craft, a plaintiff witness, testified that he was driving immediately behind defendant and that both cars were travelling at about 55 miles an hour, five miles in excess of the legal speed limit.[4] He placed the point of impact 20-25 feet west of the intersection making this a rear-end type collision. Photographs introduced by plaintiff, however, showed damage to the front of the bicycle and the right front of the automobile.
 
 
 7
 Decedent's father incurred expenses of $881.75 as a result of the death.[5]
 
 
 8
 Decedent was a good student and a regular church goer. He was active in the school band and the local Juvenile Grange and won the American Legion Award as an outstanding student at the end of his eighth grade year. He was working part-time as a "car-hop" in Grove City at the time of his death, earning approximately two or three dollars a week. During the summer vacations from school he did odd jobs which were sufficient to furnish him with spending money. The record is silent on the question of how long decedent lived after having been struck but his mother stated that he never regained consciousness.
 
 
 9
 In its Opinion denying plaintiff's motion for a new trial the District Court noted "the conflicting nature of the evidence as to liability on the part of the defendant" and stated that in its view "The verdict of $3,000.00, if it had been allocated between the two actions, being substantially in excess of actual expenses, was not so grossly inadequate as to indicate mere caprice or mistake on the part of the jury as to the proper elements of damage", and "taking into consideration that the ultimate recipients of the damages awarded are the same in both actions, it is immaterial that the verdict in favor of the plaintiff was not allocated in a particular manner."[6]
 
 
 10
 As we stated in Halprin v. Mora, 1956, 231 F.2d 197, 201, quoting 89 C.J.S. Trial § 569 b: "A special verdict, finding, or answer must be construed in the light of the surrounding circumstances. It is to be construed in the light of, and in connection with, the pleadings, instructions, the issues or questions submitted * * *."
 
 
 11
 Applying the principle stated to the instant case we are of the opinion, on review of the record, that the District Court did not err in holding that the verdicts here were not inconsistent and did not require a new trial in the Survival Act claim.
 
 
 12
 As the District Court observed, there was substantial conflict in the evidence on the score of defendant's liability. As it succinctly stated, "* * the evidence was such that a verdict for the defendant would have been unassailable." The jury's extended deliberations before a verdict was reached reflected the extent of the conflict in the testimony as to liability. The District Court was justified in determining the jury's verdict of $3,000.00 was not, as earlier noted "so grossly inadequate as to indicate mere caprice or mistake,"[7] and in holding that "it is immaterial that the verdict in favor of the plaintiff was not allocated in a particular manner."
 
 
 13
 We have in the past held that a single verdict is proper in a case where recovery is sought both under the Wrongful Death Act and the Survival Act of Pennsylvania, where it appears that the recipients of the awards are identical.[8] We have also noted that the Supreme Court of Pennsylvania has held that the apportionment of the total verdict between the claims under the two Acts is of no consequence where the recipients are identical.[9]
 
 
 14
 For the reasons stated the judgment of the District Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 12 P.S. §§ 1601, 1602
 
 
 [2]
 20 P.S. § 320.601
 
 
 [3]
 The Opinion of the District Court is unreported
 
 
 [4]
 The maximum speed permitted by law on highways such as Route 58 is 50 miles an hour. 75 P.S. § 501
 
 
 [5]
 Funeral, $786.75; hospital, $85.00; ambulance $10.00
 
 
 [6]
 The claims under the Wrongful Death Act and the Survival Act are separate and distinct. Pezzulli v. D'Ambrosia, 1942, 344 Pa. 643, 26 A.2d 659; Murray v. Philadelphia Transportation Co., 1948, 359 Pa. 69, 58 A.2d 323. The Wrongful Death Act enures to the benefit of certain enumerated relatives of the person killed as a result of another's negligence. The damages recoverable are measured by the present worth of the pecuniary loss to them through deprivation of that part of decedent's earnings which they would have received had he lived, together with expenditures for medical care and funeral. In the instant case permissible damages were the present worth of the total of decedent's possible net earnings during his minority and the medical and funeral expenses of $881.75
 Under the Survival Act the right of action which accrued to the decedent by reason of the tort resulting in his death continued in his personal representatives. The damages recoverable are measured by the pecuniary loss to the decedent, and thus to his estate, as a result of the negligent act which caused his death. Any recovery becomes a part of decedent's estate and that which remains after satisfying creditors' claims is distributed under the terms of the will or, if none, according to the intestate laws. A minor's estate is entitled to damages for his pain and suffering and the present worth of his net earnings during his life expectancy after attaining majority. Since the District Court properly found there was no evidence of conscious pain and suffering on the part of decedent, only the latter element of damages was recoverable by plaintiff.
 
 
 [7]
 Cf. Voelkel v. Bennett, 3 Cir., 1940, 115 F.2d 102; Alleva v. Porter, 1957, 184 Pa.Super. 335, 134 A.2d 501; See also Karcesky v. Laria, 1955, 382 Pa. 227, 114 A.2d 150; Krusinski v. Chioda, 1958, 186 Pa.Super. 419, 142 A.2d 780; Ewing v. Marsh, 1954, 174 Pa.Super. 589, 101 A.2d 391
 
 
 [8]
 Patton v. Baltimore & O. R. Co., 3 Cir., 1952, 197 F.2d 732. See also McDonald v. Pennsylvania R. Co., D.C.E.D. Pa.1952, 108 F.Supp. 293, affirmed on other grounds, 3 Cir., 1954, 210 F.2d 524
 
 
 [9]
 Siidekum v. Animal Rescue League, 1946, 353 Pa. 408, 45 A.2d 59, noted in Smith v. Philadelphia Transportation Co., 3 Cir., 1949, 173 F.2d 721, certiorari denied 338 U.S. 819, 70 S.Ct. 63, 94 L.Ed. 497