## Flannery v. Giebus, Administrator (No. 1)

*Charles J. Bufalino, Jr.*, for plaintiff.

*J. T. Griffith* and *John J. Aponick, Jr.*, for defendant.

SCHIFFMAN, J., January 19, 1965.—This matter is before the court upon defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint in trespass.

Defendant is the administrator d.b.n.c.t.a. of the estate of Samuel P. Mengel, M.D., deceased. The complaint alleges that plaintiff sustained certain injuries

and incurred resulting medical expenses due to decedent's negligence. The tort complained of is the failure to exercise reasonable care and prudence in permitting a surgical sponge to remain in the body of plaintiff, inserted during an appendectomy on October 11, 1943.

The complaint further avers that defendant physician died on November 11, 1947, and that the presence of the sponge was not discovered until subsequent surgery upon plaintiff on November 22, 1963.

The question to which we must address ourselves is the sufficiency of the complaint in stating a cause of action, and all well-pleaded facts in the complaint must, for this purpose, be accepted as true: Weber v. Bell Telephone Company of Pennsylvania, 415 Pa. 292; Kutsenkow v. Kutsenkow, 414 Pa. 610.

Defendant's preliminary objections involve our consideration of the Fiduciaries Act of April 18, 1949, P. L. 512, art. VI, sec. 601, 20 PS §320.601, which reads as follows:

"All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants".

Defendant maintains that implicit in the word "survive" in the aforementioned act is the condition that the cause of action "accrue" during the lifetime of the parties. See Martin v. Swift, 258 F. 2d 797, which deals with the death of plaintiff. We see no reason to distinguish the rule enumerated therein in the case of the death of defendant.

Defendant further contends plaintiff's *cause of action* did not accrue until 16 years after the death of defendant surgeon and, therefore, under the Fiduciaries Act, cannot survive his death in 1947.

In support of this theory, defendant relies on the following language in the case of Ayers v. Morgan, 397 Pa. 282:

" 'A right of action accrues only when injury is sustained by the plaintiff—*not when the causes are set in motion which ultimately produce injury as a consequence*' ".

This language must be viewed within its proper context. In the Ayers case, the Supreme Court of this Commonwealth was considering the question of when the statute of limitations began to run. In that sense, the court spoke of plaintiff's cause of action "accruing". It was held the statute of limitations does not begin to run until the patient learns, or by the exercise of reasonable diligence could have learned, of the presence of the sponge within his body.

However, the very language relied on by defendant states that a right of action accrues only when injury is sustained by plaintiff. Significant language on this aspect is expressed in Ayers v. Morgan, supra, at page 287, as follows:

"The injury became a reality when the sponge began to break down the healthful tissue within the body of the plaintiff".

. The following relevant language in the same opinion also is expressed on page 292:

"Dr. Morgan's actionable negligence stemmed from his failure to timely remove the sponge. This failure constituted a blameworthiness which continued until such time as Ayers learned, or, by the exercise of reasonable diligence, could have learned of the presence of the foreign substance within his body".

This language, applied to the instant matter, indicates the cause of action "accrued" within the meaning of the Fiduciaries Act, when defendant physician failed *timely* to remove the sponge. This principle must be distinguished from one which holds that if the existence of the injury is not known to the complaining party, and such knowledge cannot be reasonably ascertained within the prescribed statutory pe-

riod, the limitation does not begin to run until the discovery of the injury is reasonably possible: Schaffer v. Larzelere, 410 Pa. 402.

Defendant contends the time lapse involved will result in trial problems. If and when they occur, they will be dealt with appropriately. However, the length of time involved in discovering the alleged negligence must be viewed within the scope of the legal principles enunciated.

Plaintiff has stated a cause of action in her complaint. Suffice it to say that trial alone will determine if the evidence adduced will or will not establish liability. However, this opportunity is not precluded.

Accordingly, we enter the following

ORDER

Now, January 19, 1965, the preliminary objections of defendant, Joseph C. Giebus, administrator of the estate of Dr. Samuel P. Mengel, deceased, to plaintiff Esther Flannery's complaint are dismissed. Defendant is directed to file an answer within 20 days from the date of this order.