Steve J. **KRAKAR**, Jr., **Administrator of the Estates of Agnes Breski and Stanley Breski, Deceased, Plaintiff,**

v.

**DON SWART TRUCKING, INC.**, a corporation, **Defendant.**

**Civ. A. No. 68–1078.**

United States District Court,
W. D. Pennsylvania.

Feb. 25, 1971.

Louis M. Tarasi, Jr., Pittsburgh, Pa., for plaintiff.

William R. Tighe, Pittsburgh, Pa., for defendant.

OPINION

WEBER, District Judge.

This case presents a cause of action brought solely under the Pennsylvania Survival Act [20 P.S. §§ 320.601–603] which provides that all causes of action shall survive the death of the party (with exceptions not relevant here). Under this Act the estate of a decedent is entitled to damages for the loss of earning power of a decedent for his life expectancy less the cost of his maintenance. Murray, Admr. v. Phila. T. C., 359 Pa. 69, 58 A.2d 323 [1948]. In the event that the decedent contributed to the support of certain classes of dependents authorized to claim for the loss of pecuniary benefits under the Pennsylvania Wrongful Death Act [12 P.S. § 1601], such contributions must be deducted from earning capacity to avoid duplication of damage. Pezzulli v. D'Ambrosia, 344 Pa. 643, 26 A.2d 659 [1942].

Where both causes of action are asserted, if not brought in one action, they must be consolidated for trial, and if only one cause of action is asserted the court may stay that action until the other is brought or is barred by the statute of limitations. Pennsylvania Rule of Civil Procedure 213, 12 P.S.Appendix. These rules are a recognition of the common elements of evidence of damages applicable to both causes of ac-

tion. Similarly a common party-plaintiff usually appears in both actions, the personal representative acting for the estate of the decedent in the Survival Action, and the personal representative as trustee ad litem for the designated beneficiaries in the Wrongful Death Action. Pennsylvania Rule of Civil Procedure 2202.

Ordinarily we see both causes of action asserted in a single suit, even where a decedent left no surviving beneficiaries entitled to recover Wrongful Death Act damages because in such case the plaintiff may still assert a claim for medical and funeral expenses. 12 P.S. § 1602. However, the Wrongful Death cause of action is barred after one year from the date of death, [12 P.S. § 1603] whereas the Survival Act cause of action is not barred until two years from the date of injury causing death.

In this case we have only a cause of action asserted under the Survival Act and damages must be limited to those recoverable under that Act. At Pretrial Conference the parties here submitted certain items of damage claims and certain proposed evidence in support of those claims to the court for a pretrial ruling to be binding upon the parties at the trial of the issue.

Plaintiff claims as damages expenses of administration and expenses connected with the funeral.

■ There is no authority under the Survival Act or the case law for allowing the inclusion of any funeral expenses or expenses of administration as an element of damages. The fact that such a claim is allowable under 12 P.S. § 1604 of the Wrongful Death Act, even in the absence of other Wrongful Death Act damages, gives no basis for including such a claim under the Survival Act. Radobersky v. Imperial Vol. Fire Dept., 368 Pa. 235, 81 A.2d 865 [1951]:

"We view as entirely unsound the suggestion that the uncollectibility of all or part of the wrongful death claim because of the running of the statute of limitations or the disqualification of a party can add anything to the survival claim." Burns v. Goldberg, 210 F.2d 646, at p. 650 [3rd Cir., 1954].

In an identical situation, where the statute of limitations had barred the Wrongful Death Action, the Supreme Court of Pennsylvania held that the administratrix could not recover the amount of the funeral bill in a survival action because this was not a claim which decedent could have brought during his lifetime. Skoda v. West Penn. Power Co., 411 Pa. 323, 336, 191 A.2d 822 [1963].

Therefore plaintiff is barred from asserting any claim for damages for the funeral bill, grave marker, other funeral expenses, and expenses of administration in this action.

■ A second matter has been presented for pretrial ruling governing the trial of this case. The action involved the deaths of a 74 year old husband and his 61 year old wife. The husband was retired from active work and was receiving a retirement pension and social security benefits. The wife was still employed but would have been entitled to pension and/or social security benefits had she survived. The plaintiff proposes to introduce evidence of these benefits in support of his claim for damages, the defendant objects that they are not competent evidence in a Survival Action.

In a large number of jurisdictions of the United States there is a single cause of action for death in which the measure of damages is the pecuniary loss caused by the death. In these jurisdictions it has been uniformly held that a decedent's income from a pension retirement plan payments, social security benefits and other receipts of a like nature, are to be considered along with other relevant factors in substantially the same manner as actual earnings in the calculation of pecuniary loss for the purpose of determining the recovery. See Annot.: "Pension, retirement income, social security payments and the like as

affecting recovery in wrongful death action." 81 A.L.R.2d 949, and cases cited therein. These rulings are limited to such pension income as terminates upon death and has no application to income from capital investments because this is not related to earning capacity and the income producing capital is not destroyed by the death. Sherin v. Dushac, 404 Pa. 496, 172 A.2d 577 [1961].

Such evidence is admitted in cases where the Pennsylvania Wrongful Death Act claim and the Survival Act claim were joined because the income or prospective future income from such a source was the income upon which the statutory beneficiaries depended. See Gatenby et al. v. Altoona Aviation Corp. et al., 277 F.Supp. 1011 [W.D.Pa., 1968], affd. 3 Cir., 407 F.2d 443 [1968]. It was also introduced without objection in the trial of Pongratz v. Boyer, 180 Pa.Super. 260, 119 A.2d 813 [1956] and the appellate court refused to review the question. In Kowtko v. Delaware & Hudson R. R. Corp., 131 F.Supp. 95 [M. D.Pa.1955] the court also admitted evidence of entitlement to future Veterans' Administration subsistence allowances.

It does not seem to be seriously questioned that such evidence is competent in those jurisdictions having a single cause of action for death, and in those Pennsylvania cases where the Wrongful Death claim is present. Our question, on which we find no appellate authority from any jurisdiction, is whether retirement pension and social security benefits may be introduced as evidence of impairment of future earning power in actions brought solely under the Pennsylvania Survival Act.

The rationale of some of the cases in other jurisdictions for allowing such evidence in wrongful death actions is that such income is "a substitute for earning power." Bryant v. Woodlief, 252 N.C. 488, 114 S.E.2d 241, 81 A.L.R.2d 939 [1960].

It must be kept in mind that the measure of damages under the Survival Act is not loss of income, but loss of earning power less the cost of decedent's own maintenance. Thus in personal injury cases the fact that a person after an injury is actually earning more than before the accident is not determinative of the question as to whether his earning power in the future has been impaired. Rice v. Phila. Trans. Co., 394 Pa. 454, 147 A.2d 627 [1959]; City of Phila. v. Phila. Trans. Co., 400 Pa. 315, 162 A.2d 222 [1960].

We consider that all persons, unless totally disabled, have some earning capacity. Grandma may knit baby sweaters and grandpa tend a vegetable garden. In estimating the likely earnings of a decedent a factor to be considered is that earning power naturally decreases as life approaches its end. Murray v. Phila. Trans. Co., 359 Pa. 69, 74, 58 A.2d 323 [1949]; McCaffrey v. Schwartz, 285 Pa. 561, 132 A. 810 [1926]:

"* * * the statute is silent as to the intrinsic nature of the 'damage' to be recovered, the measure by which their amount is to be ascertained and the character of the evidence by which that measure is to be established. * * * the law requires the production of the best evidence available." McCleary v. Pittsburgh Rwys. Co., 47 Pa.Super. 366, 372.

If we are to consider the best evidence available as proof of earning power then we can see no reason why the amount of income to be derived from retirement and social security is not some measure of this. In many cases the receipt of retirement benefits and/or social security represents an option; whether a person is willing to undertake retirement at a stated fixed income is some measure of what he might be able to earn if he refused retirement. It is not consistent with human instincts for acquisition to surrender a large earning power for a small retirement benefit. On the other hand the receipt of retirement benefits may indicate an acknowledgement that earning power is no longer sufficient in view of the alternate benefits of retirement income. In either case, the

amount of such benefits is some evidence of earning power.

Another view is that pension benefits are merely a substitute for earning power, or a return for past services. In this sense they may also be a measure of earning power because earning power is a reflection of acquired skill, prior training, experience and job seniority, and retirement pensions and social security benefits are also in some measure dependent upon the achievement of a consistent level of earnings for a sustained period of time in the past.

We think the introduction of pension and social security benefits may serve one party as well as the other in many cases. While it may serve plaintiff as some evidence of earning power where other evidence is lacking, it may also serve a defendant as a limitation on evidence tending to show a higher earning power.

While the Pennsylvania cases dealing with adult persons have required proof of earning power with some degree of certainty, Pilipovich v. Pittsburgh Coal Co., 314 Pa. 585, 172 A. 136 [1934], Johnson v. B. & O. R. Co., 106 F.Supp. 166 [W.D.Pa., 1952], such certainty of proof has never been required in the case of a young child. "A verdict in such cases is always more or less conjectural, but the common experiences of life furnish some basis for a reasonable estimate. All that a trial judge can do is to state clearly the true ground of recovery, limiting it to the probable pecuniary loss, and pointing out the elements to be considered, and to permit no excessive verdict to stand." Campbell v. Philadelphia, 252 Pa. 387, 97 A. 456 [1916], cited in Kowtko v. Delaware & Hudson R. R. Corp., 131 F.Supp. 95 [M.D.Pa. 1955]. If the estate of a young child is not to be denied recovery because of difficulty of proof, the same considerations should apply to the evidence of earning capacity of those in their late years of life.

Similarly, we do not deny Survival Act damages for impairment of earning capacity to the housewife who had a skill to offer in the labor market but who has terminated her outside employment to manage the household and rear children. Spangler v. Helm's New York-Pgh. M. Express, 396 Pa. 482, 153 A.2d 490 [1959], Fabrizi v. Griffin, 162 F.Supp. 276 [W.D.Pa., 1958].

As a practical matter in most cases we can see neither great advantage nor great prejudice to either party from the introduction of such evidence because the jury must deduct the cost of decedent's maintenance from any determined earning power. Murray v. Phila. T. C., supra. This probable cost of maintenance has likewise never been defined by the Pennsylvania appellate courts, except that it must be "as shown by the evidence", Murray v. Phila. T. C., supra, and it cannot be some abstract minimal figure for bare survival, but rather something based on decedent's own living standards. Curnow v. West View Park, 3 Cir., 337 F.2d 241 [1964]. Bearing in mind that fixed retirement and social security benefits generally provide little more than subsistence income, and as commonly claimed in periods of steady inflation not even that amount, we cannot see any prejudice in the jury's consideration of such benefits along with all other evidence having probative value on future earning power.

Therefore, solely for the purpose of providing some measure of earning capacity, and not for the purpose of establishing lost income, we hold that in this case the actual retirement pension and social security income of deceased husband, and the prospective retirement income of deceased wife may be introduced into evidence at the trial of this action.