## Nagy v. Morganello

*William G. Bass,* for plaintiff.
*Robertson B. Taylor,* for defendant.

FRANCIOSA, J., December 6, 1971.—Joseph Nagy filed a complaint in trespass against James P. Morganello seeking to recover damages for personal injuries which occurred when, as a pedestrian, he was struck by defendant's automobile while he was crossing Main Street in the City of Bethlehem. The jury returned a verdict for plaintiff in the amount of $3,000. Plaintiff has filed two separate motions for a new trial. One motion is for a new trial generally; the other moves the court to grant a new trial limited to the issue of damages on the ground that the verdict returned by the jury against defendant was inadequate. Defendant has filed a motion for judgment n.o.v.

At the time this matter came before the court en banc, defendant did not pursue his motion for judgment n.o.v.[1] Our own appraisement of the evidence convinces us that the issues of defendant's negligence and plaintiff's contributory negligence were questions for the jury.

In our view of the case, we are bound by those decisions which, when speaking of a pedestrian, hold that such conclusions should not be arrived at by the court as a matter of law. See Smith v. Pittman, 396 Pa. 296, 152 A. 2d 470; Frisina v. Dailey, 395 Pa. 280, 150 A. 2d 348; Rutovitsky v. Magliocco, 394 Pa. 387, 147 A. 2d 153; and Caine v. Collins, 194 Pa. Superior Ct. 230, 166 A. 2d 675. The motion for judgment n.o.v. is denied and dismissed on the authority of these decisions of our appellate courts.

Moving to plaintiff's motion for a new trial for inadequacy of the verdict, we are of the opinion that a new trial must be granted. In doing so, we realize that the power to set aside a verdict on the basis of inadequacy is one which should be cautiously exercised; moreover, we understand that "it is not the function of the court to substitute its judgment for the jury's": Elza v. Chovan, 396 Pa. 112, 152 A. 2d 238.

However, a review of the record discloses there are reasons for calling the verdict before us "patently insufficient."[2] Mr. Nagy, 56 years of age, was hospital-

1. The motion was not covered in defendant's brief and it was not raised by counsel for defendant during oral argument.

2. In Elza v. Chovan, supra, the Supreme Court urged the use of words of "appropriate urgency" and "decisiveness." In Crouse v. Smith, 381 Pa. 431, 113 A. 2d 223, and Schwartz v. Jaffe, 324 Pa. 324, 188 Atl. 295, the verdict was called "patently insufficient." In Bradwell v. Pittsburgh and W. E. P. Railway Co., 139 Pa. 404, 20 Atl. 1046, nominal damages were described as "inconsistent and unreasonable" and "a travesty of justice."

ized for a period of 17 days because of his injuries. He underwent a surgical operation in the nature of an open reduction of a comminuted fracture of the left tibia and fibula. Dr. Charles Snyder, the treating physician, testified that outpatient care at the hospital and his private office was administered to plaintiff for an additional period of approximately eight months. Further, that he was unable to return to work until September 2, 1969, nearly nine months after the accident.

Defendant offered no countervailing medical testimony and there was no cross-examination of plaintiff's medical witness. The damages claimed by plaintiff were uncontradicted. In addition, medical bills in the amount of $1,229.35 and lost wages in the amount of $4,436.54 were submitted to the jury under a stipulation between counsel.

Obviously, the jury's verdict of $3,000 does not assign an amount sufficient to cover even the stipulated items of special damage. And the items of pain, suffering and inconvenience remain to be considered. Since there is not "a plethora of other factors," such as "proven untruths" with regard to the issue of damages,[3] the jury's neglect to consider such undisputed items of damage cannot be justifed.

As is usually the case, defendant justifies the jury's verdict on the theory that it reflects a compromise. Although there are certain circumstances under which compromise verdicts are both expected and allowed,[4] this court has announced that a compromise may not arise out of an award which bears no reasonable resemblance to the proven damages: Altenbach

---

3. Quoting Elza v. Chovan, supra, 396 Pa., at page 116, 152 A. 2d, at page 240.

4. See Karcesky v. Laria, 382 Pa. 227, 114 A. 2d 150.

v. Miles, January term, 1968, no. 179, affirmed, per curiam, 218 Pa. Superior Ct. 794, 275 A. 2d 683; Klotz v. Tavares, Jr., April term, 1969, no. 134. Here, an apportionment of the jury's verdict shows that they eliminated items of damages uncontradictedly established by the evidence. A plaintiff who is entitled to a verdict for damages for injuries caused by defendant is entitled to "all the law provides in such a case": Todd v. Bercini, 371 Pa. 605, 92 A. 2d 538. When it is apparent that a jury has withheld a portion of the proven damages, it follows that the verdict bears no reasonable resemblance to the evidence and the interests of justice require the granting of a new trial.

There are two possible alternatives open to us. One is to grant a new trial generally. The second alternative is to order a new trial limited to the issue of damages.

In a recent holding, our Supreme Court has stated that a lower court may grant a new trial limited to the issue of damages, only where "(1) the question of liability is not intertwined with the question of damages, and (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be made with respect thereto. . . .": Gagliano v. Ditzler, 437 Pa. 230, 263 A.2d 319.

In the case at bar, both sides have presented credible, directly conflicting evidence with respect to negligence and contributory negligence. Accordingly, we conclude that the first alternative should be adopted and, therefore, we grant a new trial generally.

We find no merit in plaintiff's separate motion for a new trial based on alleged errors of the trial judge. However, our finding in this regard becomes moot by reason of our decision to award a new trial generally on the ground of inadequacy of the verdict.

Order of the Court en Banc

And now, December 6, 1971, defendant's motion for judgment n.o.v. is denied and dismissed.

Plaintiff's motion for a new trial is granted. The new trial is not limited, but is awarded as to both the issue of liability and the issue of damages.