222 Pa. Superior Ct. 417 (1972)
Thompson, Appellant,
v.
Philadelphia.
Superior Court of Pennsylvania.
Argued June 16, 1972.
September 19, 1972.
Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
*418 Melvin Brookman, with him Joseph D. Shein, and Shein, Mele & Brookman, for appellant.
Howard D. Scher, Assistant City Solicitor, with him John Mattioni, Deputy City Solicitor, and Martin Weinberg, City Solicitor, for appellee.
OPINION BY CERCONE, J., September 19, 1972:
Kenneth Dickerson on September 27, 1963 had filed an action in trespass against the City of Philadelphia for injuries sustained on September 17, 1963 as the result of negligence by a City of Philadelphia employee in the operation of a trash collection vehicle. Dickerson, approximately 82 years of age, died shortly thereafter on October 1, 1963 and at the time of trial, May 27, 1971, the caption of the action was amended so as to substitute the administratrix of his estate, Mrs. Alice Thompson, as plaintiff. Permission to include in the complaint a claim for funeral expenses was, over defendant's objection, also granted. No wrongful death action was instituted.
The jury returned a verdict for the plaintiff in the amount of $13,000 for pain and suffering, $12,000 for loss of earnings, $700 for hospital expenses, and $758 for funeral costs. The City filed a motion for new trial which was granted by the court below. The administratrix *419 has appealed to this court from that grant of a new trial.
It was the lower court's view that the trial court had improperly admitted, as part of the res gestae, a statement made to a police officer by the decedent in the hospital x-ray room one hour after he had been struck. The police officer testified that decedent told him: "I was crossing from the West to the East side of 21st Street. I saw the truck. I saw it back up. I couldn't get out of the way. It hit me. My left hip hurts."
It was the lower court's view that this testimony was improperly admitted as part of the res gestae because: "No showing that Dickerson's statements were occasioned by any emotional or impulsive outbursts but only that plaintiff was in pain. His statement to the officer was thus merely a narration of his idea as to how the accident happened."
We cannot agree with the lower court's analysis and application of the law governing the admissibility of statements as part of the res gestae. There is no requirement that the proffered statement be an emotional or impulsive outburst, and no rule which prevents, per se, "a narration of his idea as to how the accident happened" from being part of the res gestae. The test to be applied in determining the admissibility of the statement, whether or not made in emotional outburst or in narrative form, is in every case that stated in Campbell v. Gladden, 383 Pa. 144, 147-48 (1955): ". . . Were the circumstances of the case such as to preclude the possibility of a shrewd and self-calculating answer? In the case at bar would a person in Campbell's condition as above described be likely to deliberate, reflect, weigh, counterweigh and concoct evidence in anticipation of some possible lawsuit? We have said many times that: `No definite time-limit or distance *420 from the crime or event in issue can be fixed by the Courts to determine what spontaneous utterances are admissible; each case must depend on its own facts and circumstances: Commonwealth v. Gardner, 282 Pa., supra; Commonwealth v. Stallone, 281 Pa. 41, 126 A. 56.' (Com. v. Noble, 371 Pa. 138, 145.)
We are satisfied that the Trial Judge did not err in admitting Campbell's declaration. Any exclamation, which is uttered before the dust and smoke of the mishap which gave it birth subsides, and while the agony and the hurt of the misfortune is yet unspent, is admissible in evidence as part of the res gestae."[1]
Applying the governing test to the facts in evidence in the case now before us, we find: An elderly man making the proffered statement to a police officer in the hospital x-ray room one hour after having sustained serious injuries, injuries which the medical evidence revealed to be a fracture of the left hip so severe as to require the radial head to be removed, which injuries corroborated the decedent's statement to the officer that "my left hip hurts". Certainly, it cannot be said that the "agony and the hurt of the misfortune" was so spent as to make this elderly victim's statement to the officer "shrewd and self-calculating". In fact, the City in its brief itself states the decedent's attention was at the time of his statement "fixed on the pain in his hip more than the occurrence of the accident", which observation completely refutes its contention that "The circumstances of his statement were not such as to preclude premeditation and consideration". If the decedent was so much in pain that his attention was focused on his pain and not on the circumstances surrounding the accident, his statement as to those circumstances cannot be said to be "shrewd and self-calculating". *421 It is our determination that the statement to the officer by the decedent was properly admitted into evidence as part of the res gestae and that the lower court therefore erred in granting a new trial because of its admission into evidence.
The City had contended that the trial court had also erred in charging the jury: "Income from Social Security is to be considered in the same manner as actual earnings as though he were earning $111.00 per month, for example. The reasoning is that social security is not a gift. It is something that we ourselves have purchased." The City argued that decedent's social security payments are not indicative in any way of his earning capacity "since Social Security payments to elderly persons is a welfare payment to them for the very reason that they lack earning power and would otherwise be unable to survive." This reasoning is without basis in fact or in law. It was held in Krakar v. Don Swart Trucking, Inc., 323 F. Supp. 157, 159-60 (W.D. Pa. 1971): "If we are to consider the best evidence available as proof of earning power then we can see no reason why the amount of income to be derived from retirement and social security is not some measure of this. . . Therefore, solely for the purpose of providing some measure of earning capacity, and not for the purpose of establishing lost income, we hold that in this case the actual retirement pension and social security income of deceased husband, and the prospective retirement income of deceased wife may be introduced into evidence at the trial of this action." We find no error, therefore, in allowing the jury to consider the $110 monthly social security payments when determining decedent's loss of earning capacity.
However, the allowance of the plaintiff's claim for funeral expenses was clearly improper. No wrongful death action had been filed; only the survival action was prosecuted. It is the plaintiff's contention that *422 the decision in Radobersky v. Imperial Volunteer Fire Department, 368 Pa. 235 (1951), had the effect of "making the present action a hybrid one and that the admission of the funeral bill was properly a part thereof". This reliance by plaintiff on Radobersky is surprising because it was clearly and unequivocally decided in that case that funeral expenses were not recoverable in the survival action.[2] In Skoda v. West Penn Power Co., 411 Pa. 323 (1963), the court again affirmed that funeral expenses were not recoverable in the survival action.[3] The jury's verdict of $758 for the funeral expenses therefore cannot stand and must be deducted from the amount of plaintiff's recovery.
*423 We find no reason to disturb the remainder of the jury's verdict in favor of the plaintiff. The order of the court below granting a new trial is therefore reversed and judgment is hereby ordered to be entered on the jury's verdict in the total amount of $25,700.
CONCURRING OPINION BY HOFFMAN, J.:
I agree with the majority that the decedent's statement was properly admitted as part of the res gestae. It should be noted, however, that the decedent's statement was merely cumulative. Thus, the evidence would have been sufficient to support the verdict without the admission of the decedent's statement.
CONCURRING OPINION BY PACKEL, J.:
Whether the challenged testimony was admissible as res gestae need not be decided because a new trial was granted without the moving party demonstrating "in what way the trial error caused an incorrect result." Nebel v. Mauk, 434 Pa. 315, 318, 253 A. 2d 249, 251 (1969). An analysis of the testimony shows that the challenged testimony could not have affected the verdict.
The first part of the challenged statement did relate to a conflict of testimony by two witnesses as to the direction in which the decedent had been walking. That, however, was not material because it was conceded that the decedent had been hit by the truck as it backed up and it made no difference whether the decedent was walking east to west or west to east.
The other part of the statement that he was hurt obviously is uncontroverted. Any contention that the balance of the statement negated contributory negligence is without merit. That issue was not properly before the jury, not only because of the presumption *424 of due care applicable to a decedent, Kmetz v. Lochiatto, 421 Pa. 363, 219 A. 2d 588 (1966), but also because defendant had the burden of proof on that issue and there was no evidence of contributory negligence. Thomas v. Tomay, 413 Pa. 270, 196 A. 2d 740 (1964).
NOTES
[1] See also recent case of Cody v. S.K.F. Industries, Inc., 447 Pa. 558 (1972).
[2] "The appellant complains of an item of damage which the learned trial judge permitted the jury to take into consideration by charging that "There is a funeral bill in the sum of $1139 which is to be considered if death was due to the accident, not otherwise.' As support for this instruction, the appellee-executrix cites the Act of May 13, 1927, P.L. 992, 12 PS § 1604, which provides that `Whenever any person or persons, who are authorized by law so to do, shall bring an action to recover damages for a death caused by unlawful violence or negligence of the defendant, the plaintiff may recover . . . the reasonable funeral expenses of the deceased, if plaintiff has paid or incurred such expenses.' The inapplicability of this statutory provision is apparent. This suit is not `an action to recover damages for a death.' It was instituted by the husband plaintiff in his lifetime to recover damages for injuries to himself and, when he died, the suit was carried on by his personal representative to recover what the decedent himself could have recovered had he lived. Obviously, the expenses for his own funeral do not fall into the category of the damages allowable to him personally. The instruction was therefore error. The appellee suggests that, in such eventuality, `the verdict in Mr. Radobersky's case [be reduced] by the amount of the funeral bill', thus avoiding the necessity of a new trial. We think that is fair to the defendant and will so order." (p. 243)
[3] "Obviously he could not bring an action for his funeral bill in his lifetime and, therefore, his personal representative, prosecuting an action that he could have maintained in his lifetime, is barred." (p. 336)