## Dell v. Probert

*Louis Podel,* for plaintiff.
*R. Michael Karr,* for defendant.

RANCK, *P.J.,* June 8, 1993—Before the court is plaintiff's motion to remove compulsory nonsuit entered at the conclusion of the plaintiff's case during the jury trial held on December 14 through December 16, 1992. The instant action arose as a result of a pedestrian-motor vehicle accident which occurred on Route 225, Trevorton Road, in Coal Township shortly after midnight on November 16, 1983. Plaintiff filed her motion for post-

trial relief on December 12, 1992. Briefs were filed and arguments heard on April 5, 1993.

"It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor." *Castelli v. Pittsburgh Railways Co.* 402 Pa. 135, 165 A.2d 632 (1960). "In passing on a motion to remove a compulsory nonsuit and in reviewing a denial of such a motion, the evidence must be considered in a light most favorable to plaintiff and he must be given the benefit of every inference and deduction reasonably made therefrom." *Layman v. Gearhart,* 389 Pa. 187, 132 A.2d 228 (1957).

Applying these general principles to the instant case, and considering the evidence presented together with all reasonable inferences therefrom in the light most favorable to plaintiff, the facts may be summarized as follows:

At approximately midnight on November 16, 1983, defendant Emma S. Probert was operating her automobile southbound on Route 225, Trevorton Road, in Coal Township. (Tr. trial p. 15.) Traveling with the defendant was Nancy J. Boughner. (Tr. trial p. 16.) Although the evening was misty (Tr. trial pp. 15, 28, 60), there was nothing to block one's view of the road. (Tr. trial pp. 22, 28.) Defendant was traveling at a constant speed of 35 miles per hour, 10 miles per hour below the posted speed limit. (Tr. trial pp. 20, 60, 89.) Responding to a prowler call at the Herb residence on Trevorton Road, two members of the Coal Township Police Department, driving a marked cruiser, passed the defendant's vehicle and then pulled off the road near the Herb residence. As the defendant drove past

the pulled-over police cruiser, Mrs. Boughner commented to the defendant about the cruiser's presence. (Tr. trial p. 19.)

When the defendant's vehicle passed the parked cruiser, Officers Carpenter and Pensyl were traveling on foot along Trevorton Road in the same direction as the defendant, heading toward the Herb residence. (Tr. trial pp. 65, 66, 88.) Neither officer saw anything on the road on Route 225 or in the lane of traffic, except the defendant's vehicle. (Tr. trial pp. 74, 78, 88.) Seconds after passing the parked cruiser, the defendant and Mrs. Boughner heard a "thud" and saw a dark object hit the hood of their vehicle and roll off on the passenger's side. (Tr. trial pp. 22, 29.) At this point, Officer Carpenter saw for the first time, what looked to him like a large, dark rag flying through the air. (Tr. trial p. 88.) Defendant then stopped and turned her car around and drove back to where she heard the "thud." Upon doing so, she found Officers Pensyl and Carpenter administering first aid to the plaintiff, Joanne Shaffer, who was lying unconscious and injured on the berm of the road. (Tr. trial p. 66.) Photos subsequently taken of the defendant's vehicle reveal that the accident left two dents on the hood of the car but no other damage whatsoever. (Tr. trial pp. 21, 22, 79.)

"The mere happening of an accident or the mere fact that a moving vehicle collides with a pedestrian does not establish negligence, nor raise an inference or a presumption of negligence, nor make out a prima facie case of negligence." *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 175 A.2d 864 (1961). Nevertheless, the plaintiff asserts that this is a case in which the "combination of fact material ... spell[s] out [defendant's negligence] as clearly as if a motion picture camera

had recorded the event." *Kmetz v. Lochiatto,* 421 Pa. 363, 219 A.2d 588 (1966). We disagree.

The defendant never, at any time, saw the plaintiff in front of her vehicle. The plaintiff's guardian, relying on *Kmetz* and its progeny, asserts that failing to see the plaintiff prior to colliding with her is, of itself, evidence of the defendant's negligence. However, *Kmetz* was decided "in view of the fact that the plaintiff had to traverse two lanes before he got to the lane in which the defendant was traveling, plus the fact that the plaintiff had to pass before the defendant's car from the extreme left to the extreme right before impact." *Kmetz, supra* at 365, 219 A.2d at 589. At bar, there is no such evidence that the plaintiff likely passed before the defendant's car prior to impact. A failure to prove that the plaintiff was, at any point, in the pathway of the defendant's vehicle renders *Kmetz* and its progeny inapplicable.[1]

Thus, the fact that the defendant did not see the plaintiff prior to impact, in the absence of any evidence that the plaintiff had been in the pathway of the defendant's vehicle, is not of itself evidence of any neg-

---

1. In *Kmetz,* evidence established that the plaintiff was seen crossing the street and had already traversed eight-ninths of the distance when he was struck by the defendant's vehicle. *Id.* at 364, 219 A.2d at 588-9. In *Lavely v. Wolota,* 253 Pa. Super. 196, 384 A.2d 1298 (1978), appellant produced evidence that she had stepped off the curb and followed another woman across the street and into the pathway of the defendant's vehicle. *Id.* at 198-99, 384 A.2d at 1300. In *Thompson v. City of Philadelphia,* 222 Pa. Super. 417, 294 A.2d 826 (1972), there was evidence that the decedent had been crossing from the west to the east side of the street when he was struck by the defendant. *Id.* at 419, 294 A.2d at 827-28. And, in *Eller v. Work,* 223 Pa. Super. 186, 336 A.2d 645 (1975), there was testimony that the plaintiff had been walking on the roadway prior to the accident. *Id.* at 188-89, 336 A.2d at 647.

ligence on the part of the defendant. While "[n]ot looking while operating an engine which can crash, mangle and cripple all before it is negligence per se." *Id.* at 366, 219 A.2d at 589. The unimpeached testimony at trial indicated that the defendant had been looking at the road ahead of her with unremitting vigilance at the wheel.

The plaintiff's case, then, rests on purely circumstantial evidence, including the two dents on the *hood* of the defendant's vehicle and the fact that the plaintiff was lying unconscious on the berm of the road after the defendant, her passenger, and the police officers heard the "thud." "To establish actionable negligence in such a case, the evidence must so describe, picture, or visualize what happened as to enable one ... to find that the defendant was the culpable party." *McElwain v. Myers,* 367 Pa. 346, 80 A.2d 850 (1951). The Pennsylvania Supreme Court has held:

"[W]hen a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith." *Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 139, 153 A.2d 477, 479-80 (1959).

The circumstantial evidence in the present case, however, fails to establish a conclusion in favor of the plaintiff; it does not disclose the movements of the plaintiff prior to the accident nor show that she was in a position to be seen by a careful driver in time to avoid the accident. The plaintiff's actions to the very instant she was struck are wholly unknown so that it is impossible to determine whether the defendant should

have seen her. Under these circumstances, the Pennsylvania Supreme Court has affirmed a compulsory nonsuit since any finding that the defendant was negligent would only rest on mere speculation and conjecture. See *McElwain v. Myers, supra.*

In another case similar to the one at bar, a compulsory nonsuit was affirmed because there was no proof that the driver had not been alert nor that the pedestrian had been in the roadway for a sufficient length of time for the driver to have seen him and avoided the accident.[2] *Hardy v. Clover Leaf Mills,* 426 Pa. 206, 232 A.2d 755 (1967). Similarly, in *Flagiello v. Crilly,* 409 Pa. 389, 187 A.2d 289 (1963), a compulsory nonsuit was affirmed because there was no evidence as to the speed of the defendant's car, no evidence as to where the plaintiff had come from just prior to the accident, and no evidence as to whether, and if so, for how long before the impact the plaintiff was visible to a careful driver.[3]

It is well established that "the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture." *Smith v. Bell Telephone, supra* at 138, 153 A.2d at 479. Since speculation and conjecture are all that the evidence presented during the plaintiff's case could support, the plaintiff has clearly failed to sustain her burden of proof. As such, no jury can find for the plaintiff. This is a clear case in which a compulsory nonsuit was properly ordered and must now be affirmed.

---

2. At bar, the fact that there was testimony that the driver was indeed alert and vigilantly looking at the road ahead of her weighs even more heavily against the plaintiff's case.

3. In the instant case, testimony established that the speed of the defendant's car to be 10 miles an hour *below* the posted speed limit which makes an even stronger case for ordering/affirming a nonsuit than *Flagiello.*

428

Accordingly, for the foregoing reasons, we enter the following:

ORDER

And now, June 8 1993, it is ordered and directed that plaintiff's motion for post-trial relief pursuant to Pa.R.C.P. 227.1 is denied.