J-S65043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KELVIN MANN | |
| Appellant | No. 1184 EDA 2015 |

Appeal from the PCRA Order March 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003908-2008
CP-51-CR-0003913-2008
CP-51-CR-0009993-2008

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 07, 2016**

Appellant Kelvin Mann appeals from the order of the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq*.  We affirm.

On July 30, 2010, a jury found Appellant guilty of attempted murder, carrying a firearm in public in Philadelphia, and firearms not to be carried without a license,[1] and the trial court found Appellant guilty of persons not to possess or use firearms[2] at CP-51-CR-0003908-2008.[3]  On November 22,

---

[1]  18 Pa.C.S. §§ 901(a), 6108, and 6106(a)(1), respectfully.

[2]  18 Pa.C.S. § 6105(a)(1).

[3]  A previous May 2009 trial resulted in a judgment of acquittal for Appellant's co-defendant and a mistrial for Appellant.  ***Commonwealth v.***
*(Footnote Continued Next Page)*

2010, the trial court sentenced Appellant to 18 to 40 years' incarceration for the attempted murder conviction. The trial court imposed no further penalty for the remaining charges.

On January 13, 2011, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a notice of appeal and, on March 12, 2012, this Court affirmed his judgment of sentence. Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on February 27, 2013.

On March 18, 2013, Appellant filed a timely PCRA petition. The trial court appointed counsel, who filed a **Turner/Finley**[4] no-merit letter. On February 20, 2015, the trial court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On March 2, 2015, Appellant filed a response to the notice of intent to dismiss. On March 27, 2015, the trial court dismissed the PCRA petition. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> A. Whether trial counsel was ineffective for acquiescing to the prior evidentiary rulings and failing to procure witness?

---

*(Footnote Continued)* —————————

**Mann**, 254 EDA 2011, at 10 (Pa.Super. filed Mar. 12, 2012) (unpublished memorandum) (hereinafter "Direct Appeal Memorandum").

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1998) (en banc).

B. Whether [appellate] counsel was ineffective for failing to frame the issues in a legally meaningful fashion?

C. Whether the sentence imposed a deadly weapon enhancement in violation of Appellant's right to due process?

D. Whether PCRA counsel was ineffective for filing a no–merit letter when the *pro se* claims in fact possessed merit?

Appellant's Brief at 3.[5]

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

Appellant first maintains his trial counsel was ineffective for agreeing that the evidentiary rulings of the first trial would apply to the July 2010 trial

_____

[5] Appellant also pled guilty at docket numbers CP-51-CR-0009993-2008 and CP-51-CR-0003913-2008 to possession with intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30). He filed PCRA petitions at these docket numbers, which the trial court denied in the same memorandum as the PCRA petition filed at CP-51-CR-0003908-2008. Opinion, 3/27/2015. Appellant raises in his appellate brief only the issues raised at CP-51-CR-0003908-2008. Because Appellant provides no discussion of any issue related to docket numbers CP-51-CR-0009993-2008 and CP-51-CR-0003913-2008, he has waived the issues. ***Commonwealth v. Woodard***, --- A.3d ----, 2015 WL 7767271, at *22-23 (Pa.2015) (finding claim waived where appellant "set forth no argument at all" on the issues in his appellate brief.)

and for failing to present "Oschino"[6] as a trial witness. Appellant's Brief at 8-13.

For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (quoting *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

Appellant first maintains that trial counsel should not have agreed that the trial court was bound by the evidentiary rulings from the first trial. Appellant's Brief at 10-12. Specifically, Appellant claims trial counsel should have objected to Lieutenant McGlinn's testimony during which he used a memorandum containing hearsay and trial counsel should have requested

---

[6] Appellant refers to the proposed defense witness as Oschino. He does not provide additional information as to Oschino's identity. Keith McLeod, the victim, testified that Oschino was with Appellant on the day of the shooting and testified that McLeod did not know Oschino's real name. N.T., 7/28/2010, at 176-77.

the use of tape-recorded messages of Yolanda Jones, a trial witness. *Id.* at 11.[7]

The trial court found Appellant failed to establish he was prejudiced by counsel's failure to contest the prior evidentiary rulings. Opinion, 4/30/2015, at 11 ("PCRA 1925(a) Opinion"). The trial court noted it would have made the same evidentiary rulings during the trial. *Id.*

In its 1925(a) opinion on direct appeal, the trial court found it was not error to allow Lieutenant McGlinn to use a memorandum that he prepared, which contained hearsay statements.[8] Opinion, 7/11/2011, at 12-13 ("Direct Appeal 1925(a) Opinion"). It further found the Lieutenant was properly permitted to testify regarding the hearsay statements of the victim. *Id.* at 13.

Following the shooting, while in transit from the trauma bay to the operating room, Lieutenant McGlinn asked the victim who had shot him, and

---

[7] During the first trial, the trial court made evidentiary rulings. At the start of the second trial, counsel stated that he believed the trial court was bound by the prior evidentiary rulings and did not re-argue the issues. N.T., 7/28/2010, at 15-16. On direct appeal, this Court found Appellant waived the challenge to evidentiary rulings because he failed to challenge the rulings at the second trial. Direct Appeal Memorandum at 11-12.

[8] Although Lieutenant McGlinn identified the report he made following his conversation with the victim, and testified it reflected his previous testimony, he did not rely on this document while testifying. N.T., 7/28/2010, at 147-49. He identified it after he completed recounting his conversation with the victim. *Id.*

the victim responded: "Cash shot me." N.T., 7/28/2010, at 146. He asked the victim again who shot him, and the victim responded: "Cash. C-A-S-H." *Id.*[9] The trial court noted the statement was within one hour of "being shot numerous times at close range." Direct Appeal 1925(a) Opinion, at 14. The trial court reasoned the statements were admissible as present sense impressions pursuant to Pennsylvania Rule of Evidence 803(1), which provides:

> **(1) Present Sense Impression.** A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.

Pa.R.Evid. 803(1). The trial court reasoned that statement was a present sense impression because it was "uttered before the dust and smoke of the mishap which gave it birth subside[d], and while the agony and the hurt of the misfortune [was] yet unspent." Direct Appeal 1925(a) Opinion, at 14 (quoting *Thompson v. Philadelphia*, 294 A.2d 826, 828 (Pa.Super.1972) (admitting under *res gestae* exception to rule excluding hearsay a statement made to police officer while in hospital x-ray room one hour after being struck by car)). This was not error. Further, even if not admissible as a present sense impression, the statement would have been admissible as a

---

[9] Officer Kenneth Downing also testified that the victim stated Cash shot him and a medical student who was in the elevator at the time of the declaration testified that the victim told the officers who shot him, although she could not remember the name the victim provided and spelled. N.T., 7/28/2010, 288-90; N.T., 7/29/2010, 6-11.

dying declaration.[10]   Therefore, the underlying evidentiary claim that Lieutenant McGlinn testified to impermissible hearsay evidence lacked merit.[11]

Similarly, in its direct appeal 1925(a) opinion, the trial court found the tape-recorded messages from Yolanda Jones were inadmissible because Appellant's arguments lacked the requisite specificity as to what the tapes would show.  Direct Appeal 1925(a) Opinion, at 14.  It noted that Appellant merely claimed the tapes would have shown Jones was a liar.  *Id.*  He does not explain what is on the tapes, whether the tapes would have contradicted Jones' testimony, and which portion of the testimony would have been contradicted.  *Id.* at 15.  The trial court did not err in finding the tapes

---

[10] When a declarant is unavailable, admission of "[a] statement that the declarant, while believing the declarant's death to be imminent, made about its cause or circumstances," is not prohibited by the hearsay rule.  Pa.R.Evid. 804(b)(2).  The declarant must believe death is imminent, he need not have died.  *Id.*; *see Commonwealth v. Chamberlain*, 731 A.2d 593, 597 (Pa.1999) (inferring that the victim believed she was dying due to the gunshot wounds to her chest and head).  Identifying the assailant would relate to the cause or circumstances of the imminent death. *Commonwealth v. Edwards*, 244 A.2d 683 684, 686 (Pa.1968) (victim's statement to police officer that "Howard Shot me" and another reference to the shooter within scope of dying declaration).  Further, the victim was unavailable to testify as to the identification in the elevator because, as he testified at trial, he did not recall the incident because he went in and out of consciousness following the shooting.  Pa.R.Evid. 804(a)(3); N.T., 7/28/2010, 187-89, 226.

[11]  The victim also testified that Appellant shot him.  N.T., 7/28/2010, at 176-87.

inadmissible. Because the claim lacked merit, the PCRA court properly found counsel was not ineffective.

The PCRA court did not err in finding trial counsel not ineffective for failing to present Oschino as a witness. To establish that counsel was ineffective for failing to call a witness, a PCRA petitioner must demonstrate that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa.2007). The PCRA court found Appellant failed to establish several prongs, including that Oschino was available and willing to testify. The PCRA court noted the "witness was arguably a co-conspirator of Mann's who himself was at risk of being arrested and charged in his own right, thereby making it highly unlikely that he would have been willing to testify for the defense at trial." PCRA 1925(a) Opinion at 11-12. The PCRA court concluded that Appellant failed to establish counsel's ineffectiveness. *Id.* at 12. In addition, Appellant also failed to present any description of Oschino's proposed testimony, in either his PCRA petition or his response to the PCRA court's notice of intent to dismiss the PCRA petition.[12] As Appellant failed to

---

[12] Appellant's brief states that Oschino contacted Appellant's family and wrote a letter indicating he would have testified. Appellant's Brief at 12-13. *(Footnote Continued Next Page)*

allege the required elements to establish counsel ineffectiveness for failure to call a witness, this claim fails.

Appellant next maintains his appellate counsel was ineffective for failing to frame the issues on appeal in a legally meaningful fashion, including that appellate counsel failed to raise sufficiency of the evidence claims for his gun convictions and did not properly raise his evidentiary claims. Appellant's Brief at 13-16. On direct appeal, this Court found the Commonwealth presented sufficient evidence that Appellant was guilty of attempted murder. Direct Appeal Memorandum at 5-7. In a footnote, we noted that the argument section of the brief did not argue that there was insufficient evidence of the gun possession convictions, and, therefore, it need not address those convictions. *Id.* at 6 n.1. However, any challenge to the sufficiency of the evidence of the gun convictions would have been meritless, because the evidence established that Appellant carried, and used, a firearm, which Appellant was not permitted to own, and that he used the gun in Philadelphia.[13]

_(Footnote Continued)_ ───────────

The record does not include this letter. Further, the brief does not explain Oschino's proposed testimony, other than to state that Oschino was an eyewitness. *Id.* at 13.

[13] A person is guilty of carrying a firearm without a license where he: "carries a firearm concealed on or about his person, . . . without a valid and lawfully issued license." 18 Pa.C.S. § 6106(a). A person is guilty of carrying a firearm in public in Philadelphia if, without a license or an exemption, he "carr[ies] a firearm, rifle or shotgun at any time upon the public streets or upon any public property" in Philadelphia, 18 Pa.C.S. § 6108(a). A person
_(Footnote Continued Next Page)_

The PCRA court also did not err in finding appellate counsel not ineffective for failing to raise the evidentiary claims. Trial counsel ineffectiveness claims, however, cannot be raised on direct appeal. *Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa.2009) (quoting *Commonwealth v. O'Berg*, 880 A.2d 597 (Pa.2005)). Further, as discussed above, the evidentiary claims regarding Detective McGlinn's testimony and tape recordings of Yolanda Jackson lacked merit.[14] Appellate counsel cannot be found ineffective for failing to raise meritless claims. *See Spotz*, 84 A.3d at 311.

Appellant next contends his due process rights were violated because the trial court imposed a deadly weapon enhancement. Appellant's Brief at 16-18. He maintains that, based on *Alleyne v. United States*, 133 S.Ct.

---

*(Footnote Continued)* ——————————

is guilty of possession of a firearm by person prohibited if he previously was convicted of an enumerated offense and he "possess[es], use[s], control[s], sell[s], transfer[s] or manufacture[s] . . . a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1). Appellant previously was convicted of robbery, an enumerated offense. Further, a jury found him guilty of using a firearm to attempt to murder the victim. The use of the firearm was in Philadelphia, Pennsylvania.

[14] To the extent Appellant purports to challenge appellate counsel's failure to properly raise a challenge to the preclusion of evidence that the Commonwealth withdrew its prosecution against Terrell Ross, it appears this was not raised in the second trial. Further, the evidence is inadmissible, *see Commonwealth v. Holloway*, 739 A.2d 1039, 1044 (Pa.1999), and the testimony clarified that the charges against Ross resulted from a miscommunication between the police officers and the victim, as Ross previously shot the victim but did not participate in the shooting at issue. N.T., 7/28/2010, at 189-95.

2151 (U.S. 2013), a jury was required to make a determination regarding the applicability of the deadly weapon enhancement beyond a reasonable doubt. Appellant's Brief at 16-18.

In **Alleyne**, the Supreme Court of the United States found that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2155. **Alleyne**, however, does not apply to the application of a deadly weapon enhancement. This Court has recently found:

> **Alleyne** and [**Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348 (U.S.2000)], dealt with factors that either increased the mandatory minimum sentence or increased the prescribed sentencing range beyond the statutory maximum, respectively. Our case does not involve either situation; instead, we are dealing with a sentencing enhancement. If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range. Therefore, neither of the situations addressed in **Alleyne** and **Apprendi** are implicated.

**Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa.Super.2014) (*en banc*), **appeal denied**, 104 A.3d 1 (Pa.2014). Accordingly, the PCRA court did not err in finding the application of the deadly weapon enhancement did not violate Appellant's due process rights.

Appellant's final contention is that PCRA counsel was ineffective for filing a no-merit letter. Appellant's Brief at 18-21. Appellant preserved his PCRA counsel ineffectiveness claims, which he raised in his response to the trial court's notice of intent to dismiss the PCRA petition. **Commonwealth**

***v. Pitts***, 981 A.2d 875, 879 n.3 (Pa.Super.2009) (appellant waives challenge to PCRA counsel's ***Turner/Finley*** letter where he "fail[ed] to challenge PCRA counsel's withdrawal upon his receipt of counsel's no-merit letter or within the 20-day period" to respond to the court's notice of intent to dismiss). However, the PCRA counsel ineffectiveness claim lacks merit. As discussed above, the allegations Appellant attempted to raise in his PCRA petition and in this appeal are meritless and PCRA counsel cannot be ineffective for failing to raise meritless claims. ***Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa.2009) (finding PCRA counsel not effective because underlying claim lacked merit).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/2016